**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**FREDERICK DONNELL McGEE, #18659**                             **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO.  3:08-cv-59-DPJ-JCS**

**DEPUTY MICHAEL HARPER**                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

      Plaintiff, an inmate of the Hinds County Detention Center, Raymond, Mississippi, filed a complaint on January 30, 2008, pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On January 31, 2008, two orders [3 & 4] were entered.  One of the orders [3] directed Plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days.  The second order [4]  directed Plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.  Plaintiff failed to comply with the orders.

      On March 31, 2008, an order [5] was entered directing  Plaintiff to show cause, on or before April 15, 2008, why this case should not be dismissed for his failure to comply with the Court's January 31, 2008, orders.  In addition, Plaintiff was directed to comply with the orders of January 31, 2008, on or before April 15, 2008.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the

dismissal of his Complaint, without further notice.  Once again, Plaintiff has failed to comply with an order of this Court.

Plaintiff has failed to comply with three Court orders.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2008.

                                                        s/ *Daniel P. Jordan III*
                                                       UNITED STATES DISTRICT JUDGE